IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


UNITED STATES OF AMERICA,

       Respondent,

V.                                  CRIMINAL NO. 3:00-00112-03
                                  (CIVIL ACTION NO. 3:05-0051)

TIMOTHY FARLEY,

       Movant.


**FINDINGS AND RECOMMENDATION**


       Following his plea of guilty to a count of a superseding indictment in which he was charged with conspiring to distribute Schedule II and Schedule II controlled substances, Timothy Farley was sentenced by the Court to a term of imprisonment of 120 months to be followed by three years supervised release. He did not appeal his conviction. Thereafter, on June 24, 2002, he filed a motion under the provisions of 28 U.S.C. §2255 seeking to have his conviction and sentence set aside. Relief was denied by judgment order entered July 8, 2003. Farley did not appeal the decision. Subsequently, on January 18, 2005, Farley filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3742(3) and the United States Supreme Court," which is treated as a motion filed under the provisions of 28 U.S.C. §2255.[1]  Though not specifically citing United States v. Booker, 543 U.S. 220 (2005), in his motion Farley asserts that "as of January 12, 2005 the United

---

[1]  In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

States Supreme Court declared the United States Sentencing Guidelines unconstitutional" and asks the Court to reduce his sentence or for "any other relief unto this Court may seem just and proper." Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief,"[2] dismissal without requiring a response from the United States is appropriate.

Among the changes made to 28 U.S.C. §2255 by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), are those imposing stringent limitations on the filing of successive §2255 motions. Specifically, §2255 now requires that a second or successive motion "be certified as provided in section 2244 by a panel of the appropriate court of appeals," and section 2244 requires, inter alia, that an applicant "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before a second application is filed in the district court. 28 U.S.C. §2244(b)(3)(A). In the absence of "pre-filing authorization" by, in this case, the Court of Appeals for the Fourth Circuit, this Court is without jurisdiction to consider a successive motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).[3] Movant has made no showing that he has filed an appropriate motion with the court of appeals seeking permission to file a successive §2255 motion, and it is apparent that he has not. This Court, accordingly, lacks jurisdiction to consider his §2255 motion.

---

[2] Rule 4(b), Rules Governing §2255 Proceedings for the United States District Courts.

[3] It should also be noted that the Court of Appeals for the Fourth Circuit has determined that "Booker does not apply retroactively to cases on collateral review." United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). Thus, Farley's motion, even if not successive, provides no basis for relief.

2

## RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the §2255 motion filed by Timothy Farley be dismissed with prejudice.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

DATED:  July 27, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

3